# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **STEPHEN FINCH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.    ) | Case No. _____ |
| ) | |
| **THE HILLSHIRE BRANDS** ) | |
| **COMPANY;** ) | |
| ) | |
| **HILLSHIRE BRANDS SEVERANCE** ) | |
| **PAY PLAN; and** ) | |
| ) | |
| **THE HILLSHIRE BRANDS** ) | |
| **EMPLOYEE BENEFITS** ) | |
| **ADMINISTRATIVE COMMITTEE** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Stephen Finch, for his Complaint against The Hillshire Brands Company, Hillshire Brands Severance Pay Plan and The Hillshire Brands Company Employee Benefits Administrative Committee (collectively, the "Defendants"), states as follows:

### I. Parties, Jurisdiction and Venue

1. Plaintiff Stephen Finch is a resident of the City of Tuscumbia, County of Colbert, State of Alabama.

2. Defendant The Hillshire Brands Company (the "Company") is a corporation with it principal place of business being located at 400 South Jefferson, Chicago, Illinois 60607. The Company has a place of business in the City of Florence, County of Lauderdale, State of Alabama operating under the name of Sara Lee Foods.

3. Defendant Hillshire Brands Severance Pay Plan (the "Plan") is the employee welfare benefit plan established by the Company to provide, among other things, severance benefits to employees terminated by the Company.

4. Defendant The Hillshire Brands Company Employee Benefits Administrative Committee (the "Committee") is the Plan Administrator and its address is 400 South Jefferson Street, Chicago, Illinois 60607.

5. This Court has subject-matter jurisdiction over this action to recover benefits due to Plaintiff as a participant under Defendant's Company Severance Pay Plan (the "Plan") pursuant to 29 U.S.C. § 1132 (e) (1).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1132 (e) (2) because it is the district where Plaintiff was terminated from employment and denied benefits due under the Plan.

## II. Factual Allegations

7. Plaintiff was an employee of the Company from March 1, 2004 through August 3, 2013.

8. Plaintiff served the Company as a loyal, honest and dedicated employee. Plaintiff was appointed to the position of Manager, Plant Operations II on July 1, 2007 and remained in this capacity until termination.

9. On or about May 15, 2012, the Company provided Plaintiff with a Performance Improvement Plan, notwithstanding a February 17, 2012 mid-year job evaluation wherein it was stated: "Steve has had a good start for FY 12. The facility is on track to meet all KPI's and that could not have happened without the influence that Steve has had on the operations group." Prior to this date, Plaintiff had not been the subject of a Performance Improvement Plan.

10. On August 3, 2013, and within a matter of weeks of the Performance Improvement Plan being developed for Plaintiff, the Company terminated Plaintiff's employment.

11. The Company did not provide Plaintiff with written notice of termination. The Company did not provide Plaintiff with written notice of what severance benefits he was or was not entitled to. The Company never provided Plaintiff with a copy of the Plan nor a summary description of the Plan.

12. After a number of weeks, Plaintiff was finally required to retain the assistance of an attorney to determine what severance benefits were available to a terminated employee and the process required to obtain the benefits.

13. Plaintiff has exhausted the administrative process required under the Plan to obtain the severance benefits he is lawfully entitled to.

14. Defendants have denied payment of severance benefits due to Plaintiff.

15. Although Plaintiff was an "at will" employee of the Company and exercised its right to terminate Plaintiff's employment, Defendants have taken the position that the employment decision was due to the "unsatisfactory performance" of Plaintiff. Plaintiff alleges that the reason given is a subterfuge and intended solely to avoid Defendants' obligation to pay Plaintiff, a long-time valued employee of the Company, the severance benefits he is lawfully entitled to.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment in his favor against the Defendants:

(1) In the amount determined as due under the Plan, plus interest, attorney fees, and other costs incurred by Plaintiff as a result of the wrongful denial of severance benefits, and

(2) Any further relief as the Court deems proper.

Respectfully submitted,

/s/ James D. Hughston
James D. Hughston
ASB-2730-G69J
Attorney for Plaintiff

Black & Hughston, P.C.
406 West Avalon Avenue
Muscle Shoals, AL  35661
(256) 383-5707
(256) 383-5759  facsimile
jdh@blackandhughston.com