FILED
 2014 Jan-06  AM 09:09
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **STEPHEN FINCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No. CV-13-S-2037-NW |
| ) | |
| **THE HILLSHIRE BRANDS** ) | |
| **COMPANY, HILLSHIRE** ) | |
| **BRANDS SEVERANCE PAY** ) | |
| **PLAN, and THE HILLSHIRE** ) | |
| **BRANDS EMPLOYEE** ) | |
| **BENEFITS ADMINISTRATIVE,** ) | |
| **COMMITTEE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Stephen Finch, filed a complaint on November 6, 2013, asserting a single claim for payment of severance benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.[1]  He named the following defendants:  (1) The Hillshire Brands Company ("the Company"), his former employer; (2) Hillshire Brands Severance Pay Plan ("the Plan"), an employee welfare benefit plan established by the Company to provide, among other things, severance benefits to terminated employees; and (3) The Hillshire Brands Company Employee Benefits Administrative Committee ("the Committee"), the Plan

---

[1] Doc. no. 1 (Complaint).

Administrator.[2]  The case presently is before the court on a motion to dismiss, filed jointly by the Company and the Plan, for failure to state a claim upon which relief can be granted.[3]  Upon consideration of the motion, pleadings, and briefs, the court concludes that the motion should be denied.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  The Supreme Court explicated that standard in *Iqbal*, saying that:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555].  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.*, at 557.

---

[2] *Id.* ¶¶ 2-4.
[3] Doc. no. 11.

To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

> While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations*, *a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief*.

*Iqbal*, 556 U.S. at 678-79 (emphasis added).

## II.  ALLEGATIONS OF PLAINTIFF'S COMPLAINT[4]

As the factual allegations of plaintiff's complaint are relatively brief, it will be helpful to set them forth in full for purposes of discussing the motion to dismiss. Plaintiff alleges:

> 7.  Plaintiff was an employee of the Company from March 1, 2004 through August 3, 2013.
>
> 8.  Plaintiff served the Company as a loyal, honest and dedicated employee.  Plaintiff was appointed to the position of Manager, Plant Operations II on July 1, 2007 and remained in this capacity until termination.
>
> 9.  On or about May 15, 2012, the Company provided Plaintiff with a Performance Improvement Plan, notwithstanding a February 17, 2012 mid-year job evaluation wherein it was stated:  "Steve has had a good start for [Fiscal Year] 12.  The facility is on track to meet all KPI's[5] and that could not have happened without the influence that Steve has had on the operations group."  Prior to this date, Plaintiff had not been the subject of a Performance Improvement Plan.
>
> 10.  On August 3, 2013, and within a matter of weeks of the Performance Improvement Plan being developed for Plaintiff, the Company terminated Plaintiff's employment.

---

[4] All allegations of plaintiff's complaint have been taken as true for purposes of ruling on the motion to dismiss.

[5] The term "KPI's" is not defined in the complaint or in the parties' briefs.

      11.  The Company did not provide Plaintiff with written notice of termination.  The Company did not provide Plaintiff with written notice of what severance benefits he was or was not entitled to.  The Company never provided Plaintiff with a copy of the Plan nor a summary description of the Plan.

      12.  After a number of weeks, Plaintiff was finally required to retain the assistance of an attorney to determine what severance benefits were available to a terminated employee and the process required to obtain the benefits.

      13.  Plaintiff has exhausted the administrative process required under the Plan to obtain the severance benefits he is lawfully entitled to.

      14.  Defendants have denied payment of severance benefits due to Plaintiff.

      15.  Although Plaintiff was an "at will" employee of the Company and exercised its right to terminate Plaintiff's employment [*sic*], Defendants have taken the position that the employment decision was due to the "unsatisfactory performance" of Plaintiff.  Plaintiff alleges that the reason given is a subterfuge and intended solely to avoid Defendants' obligation to pay Plaintiff, a long-time valued employee of the Company, the severance benefits he is lawfully entitled to.[6]

Plaintiff requests to be awarded all benefits due under the Plan, plus interest, attorney's fees, and costs.[7]

### III. DISCUSSION

      The Company and the Plan argue that plaintiff's claims against them should be dismissed because they are not the proper defendants.  In the Eleventh Circuit, actions

---

[6] Complaint ¶¶ 7-15 (alterations and footnote supplied).

[7] *Id.* at 4.

to recover ERISA benefits are considered equitable in nature. *Hunt v. Hawthorne Associates, Inc.*, 119 F.3d 888, 907-08 (11th Cir. 1997). As such,

> an *in personam* order enjoining the payment of benefits under section 502(a)(1)(B) must be directed to a person or entity other than the plan itself. While ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1), does state that "[a]n employee benefit plan may sue or be sued . . . as an entity," nothing in ERISA permits the district court to issue an injunctive order *solely* against the plan. Rather, the case law of this circuit demonstrates that an order enjoining the payment of benefits from an ERISA plan must issue against a party capable of providing the relief requested. *See, e.g., Shannon*[ *v. Jack Eckerd Corp.*], 113 F.3d [208, 209-10 (11th Cir. 1997)]; *Godfrey*[ *v. BellSouth Telecommunications, Inc.*], 89 F.3d [755, 756-57 (11th Cir. 1996)]; *cf. Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1074 (5th Cir. 1990) (affirming district court's dismissal of plaintiff's second amended complaint in part for failure to name the plan administrator as an "indispensable party"). We therefore reject the notion that an injunctive order to pay benefits under section 502(a)(1)(B) of ERISA can issue *solely* against an ERISA plan as an entity.

*Hunt*, 119 F.3d at 908 (emphasis and alterations supplied). Because the Plan Administrator generally has the authority to administer benefits under an ERISA plan, the Administrator generally is a proper defendant to a claim for ERISA benefits. *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 824 (11th Cir. 2001).

Here, the Company and the Plan assert that the Committee is the *only* proper defendant, because the Committee is designated as the Plan Administrator, and it has full discretionary authority to make benefit determinations under the Plan.[8] It is true

---

[8] *See* doc. no. 11, Exhibit A (Copy of the Severance Pay Plan), Summary Plan Description, at 6 ("The Employee Benefits Administrative Committee of the Company (the 'Committee') is the Plan Administrator . . . . The Committee, as the Plan Administrator, shall have the sole authority

that the Committee is the sole Administrator explicitly designated in the Plan itself.[9] Even so, as plaintiff points out, an employer can also serve as a *de facto* Plan Administrator, even if a different entity or individual is designated as the Plan Administrator in the Plan document. *See Hamilton,* 244 F.3d at 824 ("Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, *even if these*

---

in the exercise of its discretion to interpret, apply, and administer the terms of the Plan and to determine eligibility for benefits of the Plan and the amount of any benefits under the Plan, and its determination of any such matters shall be final and binding. Benefits under the Plan will be paid only if the Committee determines in its discretion that a participant or beneficiary is entitled to them. The Committee may designate one or more individuals to carry out its function as Plan Administrator.").

       The copy of the Plan submitted by defendants bears the title "Sara Lee Corporation Severance Pay Plan (As Amended and Restated Effective as of January 1, 2009)." *See* doc no. 11, Exhibit A, at 1. Defendants explain in their brief that the Sara Lee Corporation was renamed the Hillshire Brands Company on June 29, 2012. Doc. no. 11, at 4-5 n.1. Plaintiff did not dispute this statement, and the court accepts it as true for purposes of ruling on the present motion to dismiss.

       Considering the language of the Plan and Summary Plan Description does not require conversion of defendants' motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56. Rule 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). However, the Eleventh Circuit "has recognized an important qualification to this rule where certain documents and their contents are undisputed: 'In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.'" *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1379 (11th Cir. 2010) (citations omitted). There is no question as to the authenticity of the Plan documents, or their centrality to plaintiff's claim. Therefore, the documents may be considered without converting the motion to dismiss into a motion for summary judgment.

[9] *See* Plan language quoted in the preceding footnote.

*factual circumstances contradict the designation in the plan document.*") (emphasis supplied) (citing *Rosen v. TRW, Inc.*, 979 F.2d 191, 193 (11th Cir.1992)). The court agrees with plaintiff that discovery should be conducted to determine what role, if any, the Company played in the administration of the Plan.[10]

The court also concludes that the Plan should not be dismissed at this stage of the litigation. The ERISA statute explicitly states that "[a]n employee benefit plan may sue *or be sued* under this subchapter as an entity." 29 U.S.C. § 1132(d)(1). Defendant has not cited any contrary authority indicating that the Plan *cannot* be sued. The *Hunt* opinion, interpreting § 1132(d)(1), held that an injunctive order requiring the payment of benefits could not be issued *solely* against the Plan; it did *not* hold that the Plan is not a proper defendant. *See Hunt,* 119 F.3d at 908. Similarly, the *Hamilton* case held that the ERISA statute conferred "a right to sue the plan administrator for recovery of benefits." *Hamilton*, 244 F.3d at 824. It did *not* hold that the Plan Administrator was the *only* proper defendant.

## IV. CONCLUSION AND ORDER

In accordance with the foregoing, it is ORDERED that the motion to dismiss filed by the Company and the Plan is DENIED. The case will proceed to discovery

---

[10] *See* doc. no. 13 (plaintiff's response brief), at 2 ("Plaintiff submits that it is premature to dismiss the Company as a party defendant. Discovery will further establish what part the Company has in administration of The Hillshire Company Severance Pay Plan (the 'Plan') and in determination of who is entitled to receive severance benefits under the Plan.").

against all defendants named in plaintiff's complaint. If discovery produces evidence to support defendants' dismissal arguments, they may re-assert those arguments in a motion for summary judgment.

DONE this 6th day of January, 2014.

_____
United States District Judge